# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BARRY M. JENKINS,

      Plaintiff,

v.                                              Case No. 04-C-899

VICTOR MANINGO,

      Defendant,

## ORDER

Plaintiff Barry M. Jenkins, who is incarcerated at the Wisconsin Secure Program Facility, filed this pro se civil action pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated at the Milwaukee County House of Correction at all times relevant to this action. He is proceeding in forma pauperis on an Eighth Amendment deliberate indifference to a serious medical need claim against defendant Dr. Victor Maningo. Plaintiff alleges that he fractured his foot on October 30, 2002, and that for several days following the injury defendant subjected him to "deliberate denial of needed medical care and attention." (Compl. ¶ IV.A.)

Before the court are defendant's motion to compel, defendant's request for an extension of time to respond to plaintiff's motion for summary judgment, and plaintiff's motion to subpoena witness testimony.

## I. DEFENDANT'S MOTION TO COMPEL

Defendant filed a motion to compel on April 6, 2005. He seeks, 1) an order requiring plaintiff to provide the names of any and all health care providers plaintiff saw after the fracture of his foot allegedly occurred; 2) an order requiring plaintiff to sign and return the written authorization for release of medical records in order for the defense to obtain

plaintiff's medical records from his health care providers; and 3) reasonable expenses incurred in making the motion, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

The parties have conferred on this matter. On January 10, 2005, defendant sent to plaintiff a First Request for Production of Documents and a First Set of Interrogatories. (Affidavit of Bradley S. Foley in Supp. of Mot. to Compel [Foley Aff.] ¶¶ 3-4, Ex. A.) Production of Document Request No. 2 states: "Please sign the attached [medical record] authorization and return it in the enclosed, self-addressed, stamped envelope". Id. The medical record authorization requests:

> All records and information regarding my physical, mental and psychological health, and treatment and evaluation made or provided by any physician, psychiatrist, psychologist, nurse, chiropractor, dentist, podiatrist, physical therapist, occupational therapist, speech pathologist, hospital, or any other health care provider, including, but not limited to all medical and hospital records, x-ray films, pathology slide and information of any nature whatsoever;
>
> All treatment records covered by § 51.30 Wis. Stats., and federal law applicable to treatment for alcoholism or drug dependency;
>
> All records regarding HIV and AIDS tests and treatment[.]

Id. Interrogatory No. 2 states: "Please state the names and addresses of each and every medical care provider, including psychiatrists, psychologists, chiropractors, physicians, hospitals, or clinics you have been to in the last ten (10) years." Id.

On January 22, 2005, plaintiff provided responses to defendant's discovery requests. Specifically, he responded to defendant's eleven interrogatories. (Foley Aff. ¶ 6, Ex. C.) Plaintiff also enclosed his medical records in his response but, according to defendant, the "medical records that he enclosed appeared to be some, but not all of his medical records,

2

and the records were not certified." Id. Plaintiff did not provide to defendant the medical record authorization.

In a February 22, 2005, letter to plaintiff, defendant requested that "plaintiff answer request for production of document number two, the authorization for release of medical records form." (Foley Aff. ¶ 7, Ex. D.) Defendant further requested that plaintiff supplement his response to interrogatory number two and inquired whether plaintiff had provided all of the names of the health care providers that he saw after he allegedly fractured his foot. Id.

On March 5, 2005, plaintiff sent a letter to defendant that states in part, "you are not entitled to full disclosure of my medical file thus had been the purpose as to why you were submitted only those records pertaining directly to the subject-matter in question. You may therefore (not) be allowed access to any such records unless approved otherwise by myself if when judged necessary." (Foley Aff. ¶ 7, Ex. E.)

In a letter dated May 9, 2005, and filed with the court on May 13, 2005, plaintiff states:

> Previously I submitted my response to the defendant's motion and request to obtain my medical and health care record for review, however preserving my right of confidentiality and from the acts of fraud as I shall have no confidence in the protection and security of such documents outside authoritative observation. Wherefore as of my most recent attempt to have submitted my entire medical and health records I've been violated by WSPF - Health care dept. in pursuing that obligation under Wis. Stats. sec. 146.82 and 146.83 and Chapter 51 Fed. Regulations 42 CFR part 2 and 42 CFR parts 160 & 164 to the court under its jurisdiction and protection rather upon the defendant.
>
> The WSPF health care dept. have constantly engaged in that counterproductive attempt. 'Find enclosed evidence of that attempt.'

3

(Pl.'s May 13, 2005, Letter to the Court at 1.)  Attachments to the plaintiff's letter indicate that he made several inquiries to the Health Services Unit at Wisconsin Secure Program Facility in an attempt to release his medical records to defendant.

Defendant's response to plaintiff's letter states in part:

> The plaintiff chose to place his alleged injuries at issue when he filed this lawsuit.  The plaintiff believes that his constitutional rights were violated when he was allegedly denied care and treatment after he may have fractured his right foot.  Dr. Maningo should be permitted to review the plaintiff's records from any health care provider that provided care and treatment to him after the injury occurred in order to ascertain the facts underlying the plaintiff's theory of liability.

(Def.'s May 13, 2005, Letter to the Court at 1.)

Finally, on June 1, 2005, plaintiff filed a letter with the court requesting that Judge Adelman sign and return the enclosed Authorization for Use and Disclosure of Protected Health Information.

In general, parties may obtain discovery regarding any matter which is relevant, pursuant to Federal Rule of Civil Procedure 26(b)(1).  The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court.  Fed. R. Civ. P. 26(b)(2).  Additionally, any motion to compel discovery must include some indication that the moving party has in good faith conferred or attempted to confer with the party failing to make the discovery in an effort to secure the information without court action.  Fed. R. Civ. P. 37(a)(2)(B).

The record reflects that defendant's initial discovery requests, as contained in Production of Document Request No. 2 and Interrogatory No. 2, requested medical information beyond the scope of this lawsuit.  Plaintiff objected to providing all of that

4

information. Defendant has since narrowed his requests and is now seeking "plaintiff's records from any health care provider that provided care and treatment to him after the injury occurred[.]" (Def.'s May 13, 2005, Letter at 1.) The record also reflects that plaintiff has promptly responded, or made an attempt to respond to, defendant's relevant discovery requests. Under these circumstances, defendant's motion to compel discovery will be denied.

However, plaintiff is advised that the court does not sign the medical request authorization. Defendant should provide another medical request authorization to plaintiff, limited by scope and date so as to be relevant to this lawsuit. Plaintiff must sign the medical request authorization himself and submit it directly to defendant. In addition, it appears that plaintiff has already answered defendant's reduced-scope interrogatory which requests that plaintiff provide the names of any and all health care providers he saw after the fracture of his foot allegedly occurred. Plaintiff should clarify to defendant whether this has been answered and if it has not, plaintiff should respond to the interrogatory.

Once plaintiff receives the medical request authorization from defendant, he should sign it and return it to defendant within five days. His clarification and/or response to Interrogatory No. 2 should also be included in that response.

## II. DEFENDANT'S REQUEST FOR EXTENSION OF TIME

Plaintiff filed a motion for summary judgment on May 4, 2005. Defendant requests that the court extend the time to file a response brief until the court issues a decision on the motion to compel discovery. Defendant's motion will be granted. Defendant shall file a response to plaintiff's motion on or before September 6, 2005.

5

### III. MOTION TO SUBPOENA WITNESS TESTIMONY

On May 4, 2005, plaintiff filed a "Notice of Motion and Motion to Subpoena Witness Testimony" pursuant to Wis. Stat. §§ 885.01 and 885.10 as well as Federal Rule of Civil Procedure 30(a). Plaintiff requests that the court issue a subpoena upon several House of Correction staff members and that the court "provide the plaintiff an opportunity to allow witness testimony for cross examination[.]" (Pl.'s Mot. to Subpoena Witness Test. at 2.) Plaintiff filed this motion along with his motion for summary judgment. In his affidavit supporting his summary judgment motion, plaintiff asserts that these staff members "had immediate contact with me at the time of the incident, and if questioned for the record to give their assertions of the incident will not differ from that of the plaintiff's." (Affidavit of the Plaintiff Barry Jenkins ¶ 3a.)

Federal Rule of Civil Procedure 45 governs subpoenas, both for discovery purposes and for hearings or trial. The Wisconsin Statutes that plaintiff cites to in support of his motion are not applicable to this federal court. Plaintiff also cites to Federal Rule of Civil Procedure 30(a), which sets forth the procedures for the taking of depositions by oral examination.

To the extent that plaintiff seeks discovery from House of Correction staff members, plaintiff is advised that the deadline for discovery has passed. Moreover, there is no indication why he could not have obtained discovery through the use of interrogatories or affidavits. Plaintiff's motion for summary judgment is pending. Thus, a subpoena for the purposes of trial is premature. Based on the foregoing, plaintiff's motion to subpoena witness testimony will be denied.

6

Case 2:04-cv-00899-LA    Filed 07/19/05    Page 6 of 7    Document 34

## CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that defendant's motion to compel (Docket #20) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant provide to plaintiff a medical request authorization, limited by scope and date so as to be relevant to this lawsuit. Plaintiff must sign the medical request authorization and submit it to defendant within five days of receiving it. Plaintiff's clarification and/or response to Interrogatory No. 2 should also be included in his submission.

**IT IS FURTHER ORDERED** that defendant's request for an extension of time is **GRANTED**. Defendant shall respond to plaintiff's motion for summary judgment on or before **September 6, 2005**.

**IT IS FURTHER ORDERED** that plaintiff's motion to subpoena witness testimony (Docket #23) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18 day of July, 2005.

/s_____
LYNN ADELMAN
District Judge